# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00323-CR

**Jose Balderas-Galan, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 4962, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jose Balderas-Galan was convicted by a jury of sexual assault of a child and sentenced to five years= imprisonment, probated for five years. He appeals, arguing the evidence is legally and factually insufficient to establish his guilt. We will affirm.

The victim is R.V., a female, who was a sophomore in high school at the time of the assault. R.V.=s sister and mother testified that on the morning of November 5 they went looking for R.V., who had not come home the night before. They found her at an acquaintance=s house, lying in bed with appellant. R.V.=s mother recalled that R.V. was wearing a t-shirt and shorts that were not hers; her clothing and underclothes were on the floor. Appellant was wearing shorts and a t-shirt. R.V. and appellant were difficult to arouse and acted Amessed up@ and groggy.

R.V. testified that she went to a dance where all she had was a Coke and sips of other people=s drinks. She left the dance with appellant and another man because she was tired. She did not recall going to a party after the dance. She went to sleep alone at the other man=s house, and when she awoke, appellant was in bed with her. R.V. testified that when she awakened she was wearing someone else=s shorts and a t-shirt, but no underclothes; she did not remember taking off or changing her clothes. R.V.=s friend testified that she did not see R.V. drink any alcohol and did not smell it on her breath, but said R.V. started feeling strange at the dance.

Ballinger Police Officer Stephen Gray spoke to R.V. on the morning she was found in bed with appellant; R.V. was largely unresponsive. She told Gray she had gone to a dance and a party the night before and had consumed only one Coke; she thought her drink had been spiked and did not remember anything after she drank her Coke. Blood and tissue samples taken at or after 8:00 a.m. showed that R.V.=s blood alcohol level was about 0.05, but was negative for drugs. R.V. did not know whether she and appellant had sexual intercourse. Tracy Grantham, the sexual assault nurse who examined R.V., did not find trauma on R.V.=s body in general, but did find recent bruises on R.V.=s hymen and labia consistent with an

**2**

assault. Grantham did not know what caused the penetration, but testified that it was unlikely, but possible, that the bruises were caused by something other than intercourse. Grantham did not find semen or spermicide during her examination, but testified that foreign hairs and bodily fluids are not found in all cases of sexual assault.

Appellant testified that R.V. asked for a ride home from the party after the dance. She told them she needed to go to her sister=s house, but had to sober up first. Appellant and his friend drove R.V. to the house where she was found the next morning. Appellant testified that he went to bed alone and quite intoxicated. Appellant testified that he did not know when or how R.V. came to be in the bed with him, and he denied having sex with her.

We review the legal and factual sufficiency of the evidence in a criminal case under the standards as described in *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000), and *Shelton v. State*, 41 S.W.3d 208, 211 (Tex. App.CAustin 2001, no pet.). The jury, as trier of fact, has the responsibility of weighing all the evidence, resolving evidentiary conflicts, and drawing reasonable conclusions from the evidence. *Garcia v. State*, 57 S.W.3d 436, 441 (Tex. Crim. App. 2001).

When viewed in the light most favorable to the jury=s verdict, we hold the evidence is legally sufficient to support the verdict. *See Shelton*, 41 S.W.3d at 211. R.V. woke up in bed with appellant, dressed in clothes that did not belong to her. Her underclothes had been removed. She did not remember going to the party after the dance and denied knowingly drinking any alcohol. The medical evidence showed bruises on her hymen and labia consistent with assaultive penetration.

Even when viewed in a neutral light, the evidence is factually sufficient and supports the jury=s verdict. *See Shelton*, 41 S.W.3d at 211. Although the assault examination did not reveal any sign of bodily fluids, Grantham could not testify what caused R.V.=s bruises, and appellant denied assaulting her, this evidence does not so greatly outweigh the evidence supporting the jury=s verdict as to be manifestly unjust. It was for the jury to examine the evidence, evaluate the witnesses= credibility, reconcile conflicts, and draw reasonable conclusions. *See Garcia*, 57 S.W.3d at 441. We cannot hold that it was unreasonable for the jury to conclude that appellant had assaulted R.V. as she lay unconscious. We overrule appellant=s issue on appeal and affirm the conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: February 13, 2003

Do Not Publish

**4**